IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES                  :
                                     :
v.                               :       CIVIL ACTION NO.
                                     :       2:14-CR-37-RWS-JCF
RACHEL MEDINA and SANJUANA   :
RODRIGUEZ                 :

## **REPORT AND RECOMMENDATION**

This case is before the Court on the Joint Motion To Dismiss Counts 19-33 filed by Defendants Medina and Rodriguez. (Doc. 92). For the reasons discussed below, it is **RECOMMENDED** that Defendants' motion be **DENIED.**

## **Discussion**

Defendants seek dismissal of Counts 19 through 33 of the Indictment for failure to state an offense. (Doc. 92). "An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (internal quotation omitted). "In order to avoid dismissal, the charging document 'must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to

1

meet.' " *United States v. Baxter*, 579 Fed. Appx. 703, 705 (11th Cir. 2014) (unpublished decision) (quoting *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)).  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment, and more specifically, *the language used* to charge the crimes."  *Sharpe*, 438 F.3d at 1263 (emphases in original).

## I.   <u>Counts 19 Through 30</u>

Defendants move to dismiss Counts 19 through 30 for "fail[ure] to set forth the elements of 42 U.S.C. § 408(a)(7)(B) regarding Social Security Benefits." (Doc. 92 at 1).  In order to establish a violation of 42 U.S.C. § 408(a)(7)(B), the Government must prove that Defendants "with intent to deceive, falsely represent[ed] a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person."  42 U.S.C. § 408(a)(7)(B); *see also United States v. Harris*, 376 F.3d 1282, 1291 (11th Cir. 2004).   "Thus, the elements of the offense are (1) false representation of a Social Security number, (2) with intent to deceive, (3) for any purpose."  *Harris*, 376 F.3d at 1291.

Counts 19 through 30 of the Indictment charge that Defendants:

aided and abetted by each other and by others known and unknown to the grand jury, for the purpose of obtaining a payment for themselves

to which the defendants were not entitled, with intent to deceive the
Internal Revenue Service and to obtain a[n] income tax refund to
which the defendants were not entitled, falsely represented a social
security account number assigned by the Commissioner of Social
Security to be the social security number of the person identified by
initials in the chart below, when in fact the number was not the social
security number assigned by the Commissioner of Social Security to
such person … in violation of 42 U.S.C. § 408(a)(7)(B).

(Doc. 1 at Counts 19 through 30). The referenced chart lists, for Counts 19 through
30, the date each Social Security number was falsely represented, the document
containing the false Social Security number, the initials of the purported Social
Security account holder, and the last four digits of the Social Security number
used. (*Id.*). The undersigned finds that the Indictment sufficiently charges the
elements of § 408(a)(7)(B) because it alleges that Defendants (1) falsely
represented Social Security numbers, (2) with intent to deceive, and (3) for any
purpose, i.e., "for the purpose of obtaining a payment for themselves to which
[they] were not entitled." *See Harris*, 376 F.3d at 1291.

Defendants contend, however, that Counts 19 through 30 should be
dismissed because "[t]he language of the indictment counts 19 through 30 fails by
its own terms to qualify as a violation of 42 USC 408(a)(7)(B) because it fails to
set forth the essential elements of said violation. Specifically, it fails to set forth
any material fact regarding 'payment or benefit' derived from the alleged
'mismatch.' " (Doc. 92 at 2; *see also* Doc. 96 at 2-3). That contention is without
merit. In *Harris*, the court noted that "[a] few courts have concluded that the third

3

element of a § 408(a)(7)(B) offense requires the government to prove that the defendant committed the charged conduct for the purpose of obtaining something of value." 376 F.3d at 1291 n.8. The court then found that "[t]his requirement has no basis in the text of the statute, however, which describes the *mens rea* element as merely 'with the intent to deceive.' " *Id.* (citing 42 U.S.C. § 408(a)(7)(B). Therefore, the court "conclude[d], as the First, Sixth, Eighth, and Tenth Circuits have, that the charged conduct may be committed 'for any purpose.' " *Id.* (citing *United States v. Means*, 133 F.3d 444, 447 (6th Cir. 1998); *United States v. McKnight*, 17 F.3d 1139, 1143 (8th Cir. 1994); *United States v. Doe*, 878 F.2d 1546, 1553 (1st Cir. 1989); *United States v. Darrell*, 828 F.2d 644, 647 (10th Cir. 1987)). The undersigned thus finds that Counts 19 through 30 are not subject to dismissal for failing to plead facts about the "payment or benefit derived from the allege mismatch"—as Defendants contend—where those Counts allege that Defendants falsely represented a social security account number "for the purpose of obtaining a payment for themselves to which [they] were not entitled, with intent to deceive" the IRS and obtain a refund to which they were not entitled.

Defendants also asserts that "[t]he Internal Revenue Service specifically states that a mismatch between an [Individual Taxpayer Identification Number

("ITIN")[1]] and a Social Security number is not a material factor," citing to an IRS publication attached to Defendants' motion called "Individual Taxpayer Identification Number (ITIN) Reminders for Tax Professionals."  (*Id.* at 1-2; Doc. 92-1).  That publication provides instructions to tax professionals about the filing of returns where the ITIN does not match the Social Security number provided on the taxpayer's W-2.  (*See* Doc. 92-1).  In determining whether an indictment should be dismissed for failure to allege an offense, however, "a court ruling on a motion to dismiss may not look beyond the four corners of the indictment, nor may it properly dismiss an indictment for insufficient evidence."  *Baxter*, 579 Fed. Appx. at 706 (unpublished decision).  "It is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.' "  *Sharpe*, 438 F.3d at 1263 (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)).  Accordingly, the Court cannot consider the exhibit attached to Defendants' motion to determine whether Counts 19 through 30 sufficiently charge the elements of § 408(a)(7)(B).  As discussed above, the undersigned finds that they do.  It is therefore **RECOMMENDED** that

---

[1] As explained in the Indictment, an ITIN "may be issued by the [IRS] to a person who is working in the United States, but who is not a United States citizen," and once received, "the application may use the ITIN in much the same way that a United States citizen may use a social security number," including for filing income tax returns.  (*See* Doc. 1 at ¶¶ 2(a)-(d)).

Defendants' motion to dismiss Counts 19 through 30 for failure to state an offense be **DENIED**.

## II.   <u>Counts 31 Through 33</u>

Defendants move to dismiss Counts 31 through 33 for "fail[ure] to meet the simplest requirement of Aggravated Identity Theft." (*Id.* at 2). Count 31 charges that on April 21, 2012, Defendants "knowingly possessed and used without lawful authority a means of identification of another person, specifically, the social security number issued to S.R., bearing number xxx-xx-9073, such possession and use being in relation to the commission of the felony offense set forth in Count 22 of this Indictment," in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 1 at Count 31). The referenced felony offense charged in Count 22 is the false representation of a Social Security number on a W-2 for the purpose of obtaining income tax refund to which Defendants were not entitled (*see id.* at Count 22), as discussed in the previous section. Counts 32 and 33 similarly charge Defendants with violating 18 U.S.C. § 1028A(a)(1) by knowingly possessing and using the Social Security numbers of other persons in the commission of the felony offenses charged in Counts 26 and 29, i.e., the false representation of the referenced Social Security numbers on W-2s to obtain income tax refunds. (*See* Doc. 1 at Counts 26, 29, 32, 33).

18 U.S.C. § 1028A(a)(1), the aggravated identity theft statute, provides, "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." "To establish a violation of § 1028A(a)(1), 'the government must prove that the defendant: (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in § 1028A(c).' " *United States v. Ehrlich*, 384 Fed. Appx. 879, 881 (11th Cir. 2010) (unpublished decision) (quoting *United States v. Hurtado*, 508 F.3d 603, 606-07 (11th Cir. 2007), *abrogated on other grounds by Flores-Figueroa v. United States*, 556 U.S. 646 (2009)). "Moreover, in *Flores-Figueroa*, the Supreme Court held that '§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person.' " *Ehrlich*, 384 Fed. Appx. at 881 (quoting *Flores-Figueroa*, 556 at 657).

Here, the Indictment charges in Counts 31 through 33 that Defendants violated the aggravated identity theft statute by knowingly possessing and using without lawful authority the means of identifications of other persons, specifically their Social Security numbers, to commit the felony offenses set forth in Counts 22, 26, and 29. Counts 31 through 33, and the referenced Counts 22, 26, and 29,

also set forth the dates on which Defendants allegedly used those Social Security numbers and in what documents, i.e., W-2s; they identify the persons whose Social Security numbers were used by their initials; and they identify the last four digits of their Social Security numbers.  The undersigned finds that Counts 31 through 33 sufficiently allege the elements of the charged offense and apprise Defendants of what they "must prepare to meet" in defending this action.[2]

In their initial brief, Defendants appear to contend that they cannot be convicted of aggravated identity theft based on their alleged improper use of Social Security numbers belonging to others to commit the felony offenses charged in Counts 22, 26, and 29, i.e., by falsely representing Social Security numbers to the IRS to obtain tax refunds.  That is so, Defendants argue, because:

> The Social Security number only becomes relevant pursuant to an ITIN filing if the filer is seeking Earned Income Tax Credit.  The indictment fails to show any basis that the defendants knew or even should have inquired as to the validity of the Social Security Numbers provided.  Furthermore, and arguably more importantly, the indictment does not provide a basis for showing how the mismatched Social Security numbers were used as identification since the filings were under ITIN numbers.

(Doc. 92 at 2).  Those arguments go to the sufficiency of the evidence required to convict Defendants, the resolution of which would require the Court to look

---

[2] The undersigned also notes that the "Manner and Means" sections for the conspiracies charged in Counts One and Two provide additional allegations concerning how Defendants unlawfully obtained other persons' wage and tax information and then used that information to conspire to defraud the IRS.  (*See* Doc. 1 at ¶¶ 1-22)

beyond the four corners of the Indictment. Therefore, Defendants' contentions are insufficient to show that Counts 31 through 33 should be dismissed for failure to state an offense.

In their reply, Defendants cite the Supreme Court's decision in *Flores-Figueroa* in which, according to Defendants, "the Court found that a business owner utilizing a Social Security number provided by an employee was not knowingly utilizing false identification by merely relying upon the provided information." (Doc. 96 at 4). Defendant then asserts, "In the present case, the government has done no more than establish that the defendants operated a tax service that relied upon information provided by others." (*Id.*). Again, Defendants' arguments go to the sufficiency of the evidence, not to whether the Counts 31 through 33 state an offense against them.

In *Figueroa*, the Court rejected the government's position that to sustain a conviction for aggravated identity theft, it was not required to prove that the defendant "*knew* that the numbers on the counterfeit documents were numbers assigned to other people." 556 U.S. at 649-50 (emphasis in original). The Court interpreted the text of the statute to read that the word "knowingly" applies "to all the subsequently listed elements of the crime," and therefore held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." *Id.* at 650-57. Thus,

in this case, the Government must prove, among other things, that Defendants "knew that the means of identification," i.e., the Social Security numbers, "belonged to another person."   Whether the Government will be able to make that showing is not an issue properly before the Court on Defendant's motion to dismiss, however.  In the meantime, Counts 31 through 33 "contain the elements of the offense intended to be charged and sufficiently apprise the defendant[s] of what [they] must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation omitted).  It is therefore **RECOMMENDED** that Defendants' motion to dismiss those Counts be **DENIED**.

### Summary

It is **RECOMMENDED** that Defendants' Motion To Dismiss Counts 19-33 (Doc. 92) be **DENIED**.

**IT IS SO REPORTED AND RECOMMENDED** this 5th day of May, 2015.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge